# *Ex parte* Bettis.

### *Application for Habeas Corpus.*

1. *Habeas Corpus; when convict not discharged by reason of detention.*—While a party who has been convicted and sentenced to hard labor for the county must not thereafter be detained by the sheriff for an unreasonable length of time; yet if the conviction was had on Sept. 19, the detention of the defendant so convicted until Oct. 4, is. not a detention for such unreasonable length of time, as would authorize his discharge on writ of habeas corpus.

The facts in this case are sufficiently stated in the opinion.

JOHN S. GRAHAM, for petitioner.—The law is clear and unmistakable; that any unreasonable detention entitles the prisoner to his discharge.—*Ex parte Goucher*, 103 Ala. 305; *Ex parte King*, 82 Ala. 59; *Ex parte Stewart*, 98 Ala. 66; *Ex parte Crews*, 78 Ala. 457.·

MASSEY WILSON, Attorney-General,, for the State, cited *White v. State*, 134 Ala. 197, 208; *O'Neil v. State*, 134 Ala. 189, 194.

DENSON, J.—On the 19th day of September, 1904, the petitioner was convicted in the county court of Clarke county of three distinct misdemeanors, and upon each conviction the court awarded as punishment three months hard labor for the county.

On the 4th day of October, 1904, the petitioner being confined in the county jail under the judgments of conviction, applied to the probate judge of Clarke county

for a writ of habeas corpus to procure his discharge. The writ was issued, addressed to the sheriff, and on the same day the sheriff made his return, and the probate judge heard the case and declined to discharge the prisoner.

The petitioner upon the record of the proceedings had, before the probate judge, has renewed his application to this court for the writ of *habeas corpus*.

The supposed right of the petitioner to be discharged from custody is rested upon the theory that he has been detained by the sheriff for an unreasonable length of time in the county jail, and that the detention is a "subsequent act, omission, or event," within the meaning of subdivision 2 of section 4838 of the Code of 1896, such as warrants his discharge on writ of *habeas corpus*.

It is settled by this court, beyond disputation, that where a party has been convicted and sentenced to hard labor for the county, a sheriff must not detain him afterwards, in the county jail or elsewhere, for an unreasonable length of time, and that an unreasonable detention, entitles the prisoner to be discharged from the custody of the sheriff. It is equally as well settled, that what will constitute unreasonable time in this connection, depends upon the circumstances of each particular case.

It would serve no good purpose to thresh over the decisions that bear upon this case, suffice it to say, we have carefully examined the proceedings in every particular, as shown by the transcript, and we are of the opinion that the petitioner does not present a case which entitles him to the relief prayed for.—*O'Neal's case*, 134 Ala. 189, and authorities there cited.

It must not be understood from this decision, that the court is committed to the mode of procedure which was adopted to bring this case before this court. The mode of procedure has not been assailed. We call attention to the general proposition that, where right of appeal is given, it is usually the remedy that must be resorted to. Code 1896, § 4314.

The prayer of the petition is denied.

McClellan, C.J., Haralson and Dowdell, J.J., concurring.